IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONNY H. CROOK,
FDOC Inmate No. 275129,
    Plaintiff,

vs.                                       Case No.:   3:20cv1538/LAC/EMT

FLORIDA DEPARTMENT OF
CORECTIONS, et al.,
    Defendants.

_____/

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff commenced this civil rights action by filing a complaint under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also filed a motion to proceed in forma pauperis (ECF No. 2). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). After review of the motion and complaint, as well as Plaintiff's litigation history, it is the opinion of the undersigned that this case should be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding in forma pauperis under certain circumstances, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

As an initial matter, Plaintiff qualifies as a "prisoner" under § 1915(g). Section 1915(h) defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial

release, or diversionary program." Because Plaintiff is detained at Blackwater River Correctional Facility, Plaintiff is considered a "prisoner" for purposes of § 1915(g).

As for Plaintiff's litigation history, the court takes judicial notice of three or more prior prisoner actions dismissed in the Middle District of Florida on the grounds they were frivolous, malicious, or failed to state a claim. The dismissed cases include cases numbered 3:05cv396-JHM-MCR; 3:05cv545-UA-MMH; 3:04cv1160-UA-MMH; and 3:04cv738-JHM-HTS, all of which were dismissed for failure to exhaust administrative remedies. Such cases fall within the category of failure to state a claim upon which relief may be granted. *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998). Additionally, Plaintiff has had cases dismissed as frivolous—3:05cv356-TC-MMH—and for failure to be truthful about prior cases—3:05cv395-HES-HTS and 3:05cv593-J-16HTS. He also has had one case dismissed in the Northern District of Florida for failure to state a claim—4:09cv275-RS/WCS—and one dismissed pursuant to 28 U.S.C. § 1915(g)—4:10cv48-SPM/AK (also identifying the seven Middle District cases cited herein).

Each of these cases can be positively identified as having been filed by Plaintiff because each case reflects his Florida Department of Corrections Inmate Number, 275129. Moreover, each of the cases identified by the court qualifies as a

"strike" for purposes of § 1915(g). And all of these cases were dismissed prior to January 24, 2020, the date Plaintiff filed the instant action (*see* ECF No. 1 at 3). Therefore, Plaintiff may not litigate this case in forma pauperis unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown*, 387 F.3d at 1344.

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit, "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown*, 387 F.3d at 1350. When determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; *Jackson v. Reese,* 608 F.2d 159, 160 (5th Cir. 1979); *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and

unspecific references to injury are insufficient. *White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing the complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only for genuine emergencies, "where time is pressing" and "a threat . . . is real and proximate"). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 213 (3d Cir. 2001).

    Here, Plaintiff sets forth no factual allegations in his complaint and, instead, requests leave to file an amended complaint to add a party. It is not clear why Plaintiff did not include the party in his original filing or why he did not set forth any facts in support of his claims. What is clear, however, is that Plaintiff has not alleged—or even alleged facts from which one could possibly discern—that he faced an imminent danger of serious injury at the time he filed the complaint on January

28, 2020. Therefore, Plaintiff has failed to demonstrate that he qualifies to proceed under the "imminent danger" exception of § 1915(g).

Because Plaintiff did not pay the $400.00 filing fee at the time he commenced this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case should be dismissed. Leave should not be provided to allow him to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. *See Dupree*, 284 F.3d at 1236. Dismissal should be without prejudice to Plaintiff initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be **DENIED**; and

2. That this case be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

At Pensacola, Florida, this 10th day of February 2020.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.